THE TIMKEN-DETROIT COMPANY, PLAINTIFF-APPEL-
LANT, v. ARROW REALTY COMPANY, DEFENDANT-
RESPONDENT.

Submitted October 16, 1931—Decided December 10, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the appellant, *Walter A. Beers.*

For the appellee, *Samuel C. Meyerson.*

PER CURIAM.

Appellant installed an oil burner in a boiler of the appellee the total contract price of which was $565. The burner was sold to appellee under a conditional sales contract upon which an initial payment of $50 was made, the balance payable in installments. The contract provided that $70 of the contract price was for cost of installation and also contained the following provision: "The seller has examined the heating system of buyer and guarantees that the burner will

produce sufficient heat to meet the requirements of the boiler or furnace in which it is to be installed. If the burner, after a fair trial, within three months of service following installation, does not meet said requirements, the seller agrees to remove the burner and above ground equipment and return to the buyer the amount paid on account of the purchase price thereof, and upon such removal and payment the contract shall terminate and both parties be released from all liability thereunder, except that the buyer shall remain liable for any unpaid balance of the installation charge aforesaid."

The burner was installed in March, 1930. The building was under construction and not completely inclosed. After using the burner for about six weeks, warm weather made its use unnecessary until the first week of the following October. On October 7th, 1930, written complaint of lack of proper functioning of the burner was given to appellant by the attorney of the appellee.

Appellant made an effort to bring about the operating of the burner in a manner satisfactory to the appellee, but without success, and on December 16th, 1930, appellee notified the appellant, by letter, that the burner was inefficient and unsatisfactory and demanded that appellant remove it within five days and return to the appellee the $50 that had been paid upon the contract price.

Finally, appellant having refused to remove the burner, appellee did so.

On February 25th, 1931, appellant brought suit against the appellee for the balance of the contract price of $515, waiving the excess of $15, so as to bring the cause within the jurisdiction of the District Court. The appellee filed a set-off for $50 that had been paid on account of the contract and a counter-claim of $150 for damages to the boiler because of an alleged defective condition of the burner.

The cause was tried by the District Court judge, without a jury and resulted in a finding and judgment in favor of the appellant, plaintiff below, in the sum of $20 and costs. This finding was based upon the contract provision that $70 was the cost of installation which appellant was entitled to have from the appellee upon removal of the burner. Fifty

dollars, only, having been paid, the appellee was indebted to appellant for the balance of $20.

From this judgment, plaintiff below appeals and argues under ten points for a reversal.

These ten points of argument may be consolidated into three—

1. That there was no proof justifying a rescission of the contract by the appellee.

2. That the attempted rescission was not timely.

3. The right to rescind was waived by the defendant.

All of these matters depended, for proper solution, upon the proofs, and if there were facts supporting the findings of the trial judge his conclusions will not be disturbed by this court.

We find that there were proofs supporting the finding and, therefore, the judgment under review will be affirmed, with costs.